## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JASON STREET,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 17-CV-334-SMY-MAB** |
| | ) | |
| **DENNIS ELS, ALLAN BRUMMEL,** | ) | |
| **ALFONSO DAVID, MS. LECRONE,** | ) | |
| **KAREN SMOOT, K. SEIP, JEFFREY** | ) | |
| **DENNISON, SHERRY BENTON, and** | ) | |
| **WEXFORD HEALTH SOURCES, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge**

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Mark Beatty (Doc. 192), recommending that the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendants Sherry Benton, Jeffrey Dennison, Kendra Seip, and Karen Smoot be granted (Doc. 135). Plaintiff filed a timely objection (Doc. 195). For the following reasons, Judge Beatty's Report and Recommendation is **ADOPTED**.

### Background

Plaintiff Jason Street, an inmate who is currently incarcerated at Shawnee Correctional Center ("Shawnee"), brings the instant civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff alleges that he has been denied adequate medical care at Shawnee for more than two years for progressive vision loss associated with a right eye cataract, glaucoma, and keratoconus. Following threshold review, Plaintiff was allowed to proceed on the following claims:

Count 1:      An Eighth Amendment deliberate indifference to medical needs claim against Doctor Els for denying Plaintiff adequate medical treatment for his right eye cataract and glaucoma in January 2015.

Count 2:      An Eighth Amendment deliberate indifference to medical needs claim against Doctors Brummel and David for ignoring the recommendation for a corneal transplant and for instead referring Plaintiff for contact lenses beginning in March 2016.

Count 3:      An Eighth Amendment deliberate indifference to medical needs claim against the grievance officials (LeCrone, Smoot, Dennison, Benton, and Seip) for turning a blind eye to Plaintiff's letters and grievances seeking treatment of his cataract, glaucoma, and keratoconus.

Count 4:      An Eighth Amendment deliberate indifference to medical needs claim against Wexford for instituting a policy that prohibits any prisoner with "one good eye" from obtaining necessary eye surgery, resulting in the denial of adequate medical care to Plaintiff.

Defendants Sherry Benton, Jeffrey Dennison, Kendra Seip, and Karen Smoot moved for summary judgment, claiming Plaintiff failed to exhaust his administrative remedies prior to filing suit.[1]

Pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Judge Beatty conducted an evidentiary hearing on Defendants' motion during which he examined three grievances Plaintiff filed related to the events subject to this lawsuit; grievances dated February 26, 2016, April 8, 2016, and December 19, 2016. Following the hearing, Judge Beatty issued the Report currently before the Court, setting forth the evidence presented by the parties on the issue of exhaustion, the applicable law, the requirements of the administrative process, and his conclusions. Judge Beatty concluded that Plaintiff failed to exhaust his administrative remedies as to the defendants in any of the three grievances, and as a result, recommended that Plaintiff's claims against Defendants Sherry Benton, Jeffrey Dennison, Kendra Seip, and Karen Smoot be dismissed for failure to exhaust administrative remedies.

---

[1] The Court previously dismissed Plaintiff's claims against Defendants David, Lecrone and Wexford Health Sources, Inc. for failure to exhaust administrative remedies (*see* Doc. 168).

**Discussion**

Because a timely objection was filed, the undersigned must undertake a *de novo* review of the Report. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *see also Govas v. Chalmers,* 965 F.2d 298, 301 (7th Cir. 1992). *De novo* review requires the Court to "give fresh consideration to those issues to which specific objections have been made" and to make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Id*.

For his objection, Plaintiff generally reiterates the arguments made at the *Pavey* hearing and in his previous filings. Specifically, Plaintiff claims that he never received his April 8, 2016 and December 19, 2016 grievances back from his counselor and argues that it was his counselor's responsibility to transfer the grievance to the next level.

The Prison Litigation Reform Act requires prisoners to exhaust all available administrative remedies before filing suit. 42 U.S.C. § 1997e(a). Proper exhaustion requires that inmates file complaints and appeals in the place, at the time, and in the manner the prison's administrative rules require. *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002). Under the procedures set forth in the Illinois Administrative Code, an inmate must first attempt to resolve a complaint informally with his counselor. Ill. Admin. Code Tit. 20, § 504.810(a). If the complaint is not resolved, ***the inmate may file a grievance*** within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance. § 504.810(b) (emphasis added).

Contrary to Plaintiff's assertion, it was his responsibility – not his counselor's – to transfer the grievance. Moreover, although Plaintiff alleges that he never received responses from his counselor regarding either grievance, Judge Beatty did not find Plaintiff's allegations credible.

During *Pavey* hearings, Magistrate judges stand in the best position to assess a witness's credibility because they have the opportunity "to observe the verbal and nonverbal behavior of the witnesses . . . [including their] reactions and responses to the interrogatories, their facial expressions, attitudes, tone of voice, eye contact, posture and body movements." *Kraushaar v. Flanigan*, 45 F.3d 1040, 1052-53 (7th Cir. 1995). Here, Judge Beatty assessed the credibility of Plaintiff's testimony and found it lacking. The Court finds no basis in the record to second-guess Judge Beatty's credibility determinations. *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995) ("The district court is not required to conduct another hearing to review the magistrate judge's findings or credibility determinations").

After thoroughly reviewing the record before it, the Court finds that despite receiving responses from his counselor, Plaintiff did not pursue either the April 8, 2016 or December 19, 2016 grievances through the remainder of the grievance process. Therefore, the grievances did not exhaust Plaintiff's administrative remedies as to his claims against Defendants Sherry Benton, Jeffrey Dennison, Kendra Seip, and Karen Smoot. Regarding the February 26, 2016 grievance, the record establishes that Plaintiff neither named these Defendants nor described them in the grievance.

Accordingly, Defendants' Motion for Summary Judgment (Docs. 135) is **GRANTED.** Plaintiff's claims against Defendants Sherry Benton, Jeffrey Dennison, Kendra Seip, and Karen Smoot are **DISMISSED without prejudice** for failure to exhaust administrative remedies.

**IT IS SO ORDERED.**

**DATED: July 16, 2019**

**STACI M. YANDLE**
**United States District Judge**